[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1233.]

TOLEDO EDISON COMPANY, APPELLANT, *v*. CITY OF BRYAN ET AL., APPELLEES.

[Cite as *Toledo Edison Co. v. Bryan*, 2001-Ohio-272.]

*Motion for reconsideration denied.*

(No. 99-1280—Submitted January 9, 2001—Decided March 7, 2001.)

APPEAL from the Court of Appeals for Williams County, No. WM-98-017

ON MOTION FOR RECONSIDERATION.

_____

{¶ 1} The motion for reconsideration is denied.

F.E. SWEENEY, ACTING C.J., GWIN, HADLEY, O'NEILL, PFEIFER, YOUNG and LUNDBERG STRATTON, JJ., CONCUR.

PFEIFER, J., concurs separately.

W. SCOTT GWIN, J., of the Fifth Appellate District, sitting for MOYER, C.J.

RONALD E. HADLEY, J., of the Third Appellate District, sitting for DOUGLAS, J.

WILLIAM M. O'NEILL, J., of the Eleventh Appellate District, sitting for RESNICK, J.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for COOK, J.

_____

**PFEIFER, J., concurring.**

{¶ 2} The appellees have moved for reconsideration of this court's decision reversing the court of appeals. 90 Ohio St.3d 288, 737 N.E.2d 529. I joined the decision of the majority in judgment only. I believe that Section 6, Article XVIII *does* grant municipalities the right to resell outside their limits electricity purchased purposely for resale and that that section also tempers that right by capping the resale at fifty percent of the total service provided within the municipality. In this

case, four municipalities pooled their surpluses (limited by the fifty-percent rule) to make a "super surplus" to sell to Chase. I joined the judgment of the majority because that artificial "piling on" arrangement frustrates the purpose of the limitations of Section 6, Article XVIII.

{¶ 3} Appellees raise legitimate concerns. I refrained from joining the majority opinion because I believed it potentially had a reach beyond the immediate issues presented in this case and incorrectly answered questions that were not presented in the briefs or argued to the court. I consider those portions of the opinion to be dicta, especially in light of the fact that four members of this court recused themselves from this case.

{¶ 4} Still, I am voting against reconsideration. This court has settled the limited issue this case presents. Reconsideration of this matter and the issues raised by appellees would require full-blown reargument of the case, and that case would not resemble the one previously argued. Because the relationship between investor-owned and municipally owned utilities involves decades of economic tensions and disputes, and disputes previously put to rest, I believe it would be unwise to further litigate this case. The parties' resources are best spent elsewhere.

––––––––––––––––––––

*Fuller & Henry, Ltd., Craig J. Van Horsten* and *Mary Ann Whipple*, for appellant.

*Chester, Willcox & Saxbe, L.L.P.*, and *John W. Bentine; Duncan & Allen* and *John P. Coyle*, for appellees.

––––––––––––––––––––